**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELISIO BADILLO,

        Plaintiff,

v.                                    Case No. 6:16-cv-1212-Orl-37KRS

LIBERTY MUTUAL INSURANCE CO.,

        Defendant.

## ORDER

This cause is before the Court on the following matters:

(1)    Defendant's Corrected Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 11) filed September 9, 2016;

(2)    Plaintiff's Opposition to Defendant's Corrected Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 24), filed October 17, 2016.

## DISCUSSION

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum: (1) pleadings must include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances"; and (2) pleadings must not include mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*, 563 F. App'x 742, 744

(11th Cir. 2014).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996). Heeding this warning, when confronted with a deficient pleading—especially a shotgun complaint—district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings).

Here, Plaintiff must replead because his Complaint—which includes eight counts that each incorporate by reference the same 37 paragraphs—is quintessentially shotgun. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009). Further, it appears that Plaintiff may have named the wrong Defendant, and that issue should be resolved at the earliest opportunity.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Defendant's Corrected Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 11) is **GRANTED** to the extent that it seeks dismissal of the Complaint without prejudice.

2.      On or before **November 14, 2016**, Plaintiff may file an amended complaint that complies in all respects with this Order, the Federal Rules of Civil Procedure, and the Court's Local Rules.

3.    If Plaintiff does not file an amended complaint in the time prescribed, this action may be dismissed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record